1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MARK* M. PAGAH,

                                Plaintiff,

    v.

DR. RUSSELL P. EDWARDS,

                                Defendant.

CASE NO. 12-CV-2719-IEG (JMA)

**ORDER:**

**(1) DISMISSING THE ACTION FOR LACK OF SUBJECT MATTER JURISDICTION;**

**(2) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS [DOC. NO. 2];**

**AND**

**(3) DENYING MOTION TO APPOINT COUNSEL [DOC NO. 3]**

Mark M. Pagah ("Plaintiff") has filed a civil action alleging medical malpractice against Dr. Russell P. Edwards ("Defendant").  [Doc. No. 1, Compl.]  Plaintiff has not paid the $350 civil filing fee required to commence this action; rather, he has filed a motion to proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915.  [Doc. No. 2, Mot. for Leave to Proceed IFP ("IFP Mot.")].  Plaintiff has also filed a motion to appoint counsel.  [Doc. No. 3, Mot. to Appoint Counsel.]

Before deciding Plaintiff's motions, the Court must first determine whether it has subject matter jurisdiction over this action.  "The Supreme Court has instructed lower courts to resolve jurisdictional issues before reaching the merits of a case."  Rivera v. R.R. Retirement Bd., 262 F.3d 1005, 1008 (9th Cir. 2001) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (rejecting doctrine of "hypothetical jurisdiction")).  "Without jurisdiction the court cannot

- 1 -                                                                                    12cv2719

1    proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist,

2    the only function remaining to the court is that of announcing the fact and dismissing the cause."

3    Steel Co., 523 U.S. at 94 (internal quotation marks omitted).  Because the Court "cannot proceed

4    at all," id., if it lacks jurisdiction, the Court must first determine if it has subject matter jurisdiction

5    before ruling on Plaintiff's motions for leave to proceed IPF and to appoint counsel.

6         Federal courts are courts of limited jurisdiction and as such "possess only that power

7    authorized by Constitution and statute, which is not to be expanded by judicial decree."  Kokkonen

8    v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted).  Lack of

9    subject matter jurisdiction can be raised at any time by any party or *sua sponte* by the court.  Csibi

10   v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982).

11        The court must presume that a case lies outside of its limited jurisdiction, and the burden of

12   establishing jurisdiction is on the party asserting it.  Id.  Federal courts may exercise jurisdiction if

13   the complaint presents a federal question or if the requirements for diversity jurisdiction are met.

14   See 28 U.S.C. § 1331; 28 U.S.C. § 1332.

15        "[D]istrict courts shall have original jurisdiction of all civil actions arising under the

16   Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The "federal question"

17   must be disclosed on the face of the complaint.  Sparta Surgical Corp. v. Nat'l Ass'n of Securities

18   Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998).  Under the longstanding well-pleaded

19   complaint rule, this means that jurisdiction is proper "only when the plaintiff's statement of his

20   own cause of action shows that it is based upon [federal law]."  Vaden v. Discover Bank, 556 U.S.

21   49, 60 (2009) (internal quotation omitted).   Plaintiff attempts to assert a medical malpractice

22   action against Defendant.  [Doc. No. 1, Compl.]  However, the face of Plaintiff's complaint does

23   not show that his action is based upon federal law.  Therefore, the Court does not have subject

24   matter jurisdiction on the basis of a federal question.

25        "The federal court's basic diversity jurisdiction extends to 'all civil actions where the

26   matter in controversy exceeds . . . $75,000 . . . and is between ... [c]itizens of different States."

27   Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894 (9th Cir. 2006) (quoting 28 U.S.C. §

28   1332(a)(1)).  Plaintiff does not specifically allege the citizenship of either himself or Defendant.

1    He only states in his pleadings that his address is 6650 Amherst Street, Unit 8B, San Diego,

2    California.  [Doc. No. 1, Compl. at 1.]  He also states that Defendant's address is 3969 4th

3    Avenue, Suite 301, San Diego, California.  [Id. at 28, 36, 39.]  Because Plaintiff has not alleged

4    facts sufficient to satisfy his burden to support a finding that the citizenship of the parties is

5    diverse, the Court finds that it lacks diversity jurisdiction to hear the matter.

6           Because Plaintiff has not asserted federal question jurisdiction or diversity jurisdiction, the

7    Court **DISMISSES** the action without prejudice for lack of subject matter jurisdiction.  Because

8    the Court lacks subject matter jurisdiction, it **DISMISSES** as moot Plaintiff's motions for leave to

9    proceed IFP and to appoint counsel.  [Doc. Nos. 2, 3.]

10          **IT IS SO ORDERED.**

11   **DATED:**  November 28, 2012

12                                                              **IRMA E. GONZÁLEZ**
                                                                **United States District Judge**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -                                               12cv2719